UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSE MORENO and MOHAMED NAZIM KALIL,

                           10 CIV 7458 (RJH)

            Plaintiffs,

   -against-                             **ANSWER**

194 EAST SECOND STREET, LLC,

            Defendant.
------------------------------------------------------------------------X

        Defendant, 194 East Second Street, LLC ("Defendant"), by its attorneys, Zetlin & De Chiara LLP, as and for its Answer to the Complaint herein, alleges as follows:

        1.      Defendant denies the truth of each and every allegation contained in paragraph 1 of the Complaint, except that Defendant admits that plaintiff Jose Moreno ("Jose") is currently employed as a doorman at a residential building located at 194 East Second Street, New York, N.Y. (the "Building") and that Mohamed Nazim Kalil ("Nazim") was formerly employed as a superintendent of the Building until his termination on August 25, 2010.

        2.      Defendant denies the truth of each and every allegation contained in paragraph 2 of the Complaint.

        3.      Defendant neither admits nor denies the allegations contained in paragraphs 3 and 4 of the Complaint and respectfully refers all questions of law to the Court.

        4.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

        5.      Defendant neither admits nor denies the allegations contained in paragraph 6 of the Complaint and respectfully refers all questions of law to the Court.

6.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except that Defendant admits that Jose has been employed as a doorman of the Building from the time Defendant acquired the Building on July 12, 2001 to the present.

7.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, except that Defendant admits that Nazim was employed as a Superintendent of the Building from the time Defendant acquired the Building on July 12, 2001 until August 25, 2010.

8.      Defendant admits the allegations contained in paragraph 9 of the Complaint.

9.      Defendant denies the truth of each and every allegation contained in paragraphs 10, 11 and 12 of the Complaint.

10.      Defendant neither admits nor denies the allegations contained in paragraph 13 of the Complaint and respectfully refers all questions of law to the Court.

11.      Defendant denies the truth of each and every allegation contained in paragraph 14, 15, 16 and 17 of the Complaint.

12.      Defendant denies the truth of each and every allegation contained in paragraph 18 of the Complaint, and further avers that no schedule was attached as Exhibit C to the copy of the Complaint that was served on Defendant.

13.      Defendant neither admits nor denies the allegations contained in paragraph 19 of the Complaint Defendant and respectfully refers questions of law to the Court.

14.      Defendant denies the truth of each and every allegation contained in paragraph 20 of the Complaint.

2

15.    Defendant denies the truth of each and every allegation contained in paragraph 21 of the Complaint, except that Defendant admits that it received a letter from Plaintiffs' counsel dated August 10, 2010 and respectfully refers this Court to that letter for its contents.

16.    Defendant denies the truth of each and every allegation contained in paragraph 22 of the Complaint.

17.    Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint because Plaintiffs have failed to specifically identify the referenced letter.

18.    Defendant denies the truth of each and every allegation contained in paragraphs 24, 25, 26, 27, 28 and 29 of the Complaint.

19.    Defendant denies the truth of each and every allegation contained in paragraph 30 of the Complaint, except that Defendant denies having knowledge or information sufficient to form a belief as to what schedule is referenced therein.

20.    Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 31 of the Complaint because the Complaint does not describe the referenced schedule and the copy of the Complaint served upon Defendant did not contain any schedule annexed as Exhibit C.

## AS AND FOR AN ANSWER TO THE FIRST CLAIM FOR RELIEF

21.    In response to the allegations contained in paragraph 32 of the Complaint, Defendant makes the same admissions and denials to each and every allegation contained in paragraphs 1 through 31 of the Complaint, inclusive, as if set forth again at length herein.

22.     Defendant denies each and every allegation contained in paragraphs 33 and 34 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CLAIM FOR RELIEF

23.     In response to the allegations contained in paragraph 35 of the Complaint, Defendant makes the same admissions and denials to each and every allegation contained in paragraphs 1 through 34 of the Complaint, inclusive, as if set forth again at length herein.

24.     Defendant denies the allegations contained in paragraphs 36 and 37 of the Complaint.

## AS AND FOR AN ANSWER TO THE THIRD CLAIM FOR RELIEF

25.     In response to the allegations contained in paragraph 38 of the Complaint, Defendant makes the same admissions and denials to each and every allegation contained in paragraphs 1 through 37 of the Complaint, inclusive, as if set forth again at length herein.

26.     Defendant denies each and every allegation contained in paragraph 39 of the Complaint.

## AS AND FOR AN ANSWER TO THE FOURTH CLAIM FOR RELIEF

27.     In response to the allegations contained in paragraph 40 of the Complaint, Defendant makes the same admissions and denials to each and every allegation contained in paragraphs 1 through 39 of the Complaint, inclusive, as if set forth again at length herein.

28.     Defendant denies the truth of each and every allegation contained in paragraph 41 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29.     The Complaint fails to state a cause of action against the Defendant upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30.     Plaintiffs have been paid all monies due and owing to them for the hours of work they actually performed.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31.     Plaintiffs represented to Defendant that they would secure coverage for the other shifts at the Building.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32.     Defendant acted at all times in good faith and had reasonable grounds for believing that its acts were not in violation of any labor laws.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

33.     Plaintiffs' claims are barred in whole or in part by their own culpable conduct.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

34.     At all relevant times, Defendant conducted itself in accordance with the requirements of the New York state and Federal labor laws.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

35.     Upon information and belief, Plaintiffs claims are barred because they are and/or were employed in a bona fide executive, administrative or professional capacity and/or are otherwise exempt from the labor laws relied upon by Plaintiffs.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

36.     The Complaint is barred, in whole or in part, by virtue of the doctrines of waiver, release, res judicata, laches and/or estoppel.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

37.     The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

38.     Plaintiffs have failed to mitigate their damages.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

39.     Nazim's claims for retaliatory termination are barred as Nazim was an employee-at-will and was not terminated for any unlawful purpose.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

40.     Nazim's claims for retaliatory termination are barred as Nazim was terminated for good cause.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

41.     Upon information and belief, Nazim has commenced an administrative proceeding before the National Labor Relations Board in connection with an alleged unlawful termination and is precluded from seeking relief on those same claims in this Court.

### AS AND FOR A FIRST COUNTERCLAIM AGAINST PLAINTIFF MOHAMED NAZIM KALIL

42.     Defendant 194 East Second Street, LLC (the "LLC") is a limited liability company organized and existing under the laws of the State of New York.

43.     Upon information and belief, Mohamed Nazim Kalil ("Nazim") is an individual residing in the State of New York.

44.     On or about July 12, 2001, the LLC became the fee owner of certain real property located at 194 East Second Street, New York, New York (the "Building").

45.     At the time of purchase, Nazim was employed as a superintendent at the Building and the LLC continued to employ him in that capacity until his termination on August 25, 2010.

46.     During the term of his employment by the LLC, Nazim and other Building employees were provided with use of a "recreation room" as an accommodation while working at or on call for the Building.

47.     At the time of Nazim's termination, Nazim refused to surrender his key to the recreation room and further represented to the LLC and others that he was using the recreation room as his residence.

48.     At no time was Nazim given permission by the LLC to reside in the recreation room as the recreation room is not a lawful dwelling unit.

49.     Since his termination, the LLC continues to demand that Nazim vacate and surrender the use of the recreation room, but Nazim refuses.

50.     Nazim deliberately took physical possession of the recreation room, without justification or consent, and continues in possession of same.

51.     Nazim's acts wrongfully interfered with the LLC's right to possession of the recreation room and are a wrongful use of those premises.

52.     As a result of the foregoing, the LLC demands judgment restoring it to possession of the recreation room and awarding it damages in an amount to be determined by this Court upon the trial of this action.


**WHEREFORE**, Defendant 194 East Second Street LLC demands judgment:

a.      dismissing the Complaint, with prejudice;

b.  on its First Counterclaim, restoring it to possession of the premises that have been unlawfully occupied by Mohamed Nazim Kalil and awarding it damages in an amount to be determined by this Court upon a trial of the action;

c.  awarding Defendant its costs and disbursements incurred in the defense of the within action and the prosecution of its Counterclaim; and

d.  granting to Defendant such other and further relief as this court shall deem proper.

Dated: New York, New York
         January 31, 2011

                                        ZETLIN & DE CHIARA LLP

By:  _____
                                        Lori Samet Schwarz, Esq. (LS-9058)
                                        *Attorneys for Defendant*
                                        *194 East Second Street, LLC*
                                        801 Second Avenue
                                        New York, New York 10017
                                        (212) 682-6800
                                        lschwarz@zdlaw.com

TO:  **CRAIG STUART LANZA, ESQ.**
      *Attorney for Plaintiffs*
      70A Greenwich Avenue, #394
      New York, New York 10011
      (646) 409-6529
      cslanza@gmail.com

2164487