# ITKOWITZ & HARWOOD

305 BROADWAY
7TH FLOOR
NEW YORK, NEW YORK 10007
(212) 822-1400
www.itkowitz.com

Craig Stuart Lanza
Of Counsel
P: (212) 822-1415
F: (212) 822-1401
clanza@itkowitz.com

New York, New York
Albany, New York
Great Neck, New York
Newark, New Jersey



January 6, 2012

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/11/12

**BY FASCIMILE**

Hon. Richard J. Holwell
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: Jose Moreno and Mohamed Nazim Kalil v. 194 East Second Street LLC
     Docket No.: 10 CV 7458 (RJH)
     <u>Our File No.   280401</u>

Your Honor:

   This firm represents Plaintiffs in the above action. For the reasons set forth below, I write pursuant to Your Honor's Individual Practice 3(A) to request a summary judgment, pre-motion conference. Moreover, since discovery has revealed that no genuine factual issues merit a trial, Plaintiffs ask the Court to adjourn the deadline under Individual Practice 4(A) to submit a joint pretrial order until the Court has decided Plaintiffs' summary judgment motion.

## *Plaintiffs Should Be Granted Summary Judgment On Their Claims For Unpaid Overtime*

   Under the Fair Labor Standards Act (FLSA), employers must pay their employees one-and-a-half times their regular hourly wage for hours worked in excess of forty per week unless the employee is exempt from the Act's coverage. 29 U.S.C. § 207(a)(1). The FLSA exempts administrative employees, executive employees, professional employees, outside sales employees, highly skilled computer-related employees, and highly compensated employees. 29 C.F.R. § 541. Because the FLSA is a remedial statute, its exemptions are construed narrowly, and "the burden rests on the employer to prove that a particular employee is exempt from the Act's requirements." *Havey v. Homebound Mortgage, Inc.,* 547 F.3d 158, 163 (2d Cir. 2008). Plaintiffs, a building superintendent and a doorman, clearly do not fit into any of these categories and are therefore afforded the protection of the FLSA.

   It is Defendant's legal obligation to maintain time records of the hours that its employees worked. 29 U.S.C. § 211(c); 29 C.F.R. § 516. Where employers are unable to produce such records an employee may rely on its own recollection to establish the hours worked. *E.g., Liu v. Jen Chu Fashion Corp.,* 2004 WL 33412 at *3 (S.D.N.Y. Jan. 7, 2004) ("In

*ITKOWITZ & HARWOOD*
*Hon. Richard J. Holwell*
*January 6, 2012*
*Page 2 of 3*

a FLSA case, in the absence of rebuttal by defendants, plaintiffs' recollection and estimates of hours worked are presumed to be correct."). The burden then shifts to the employer who "must [] proffer evidence sufficient to rebut that recollection." *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 255 (S.D.N.Y. 2008).

Here, after months of discovery, Defendant still has not produced any evidence of Plaintiffs' schedules, their shifts, or hours worked. Plaintiffs credibly and consistently testified that they have worked for thirteen hours a day, seven days a week, for the last ten years. Plaintiffs have supported their claim with documentary evidence consisting of letters from building tenants, letters from building management, as well as the building's hourly work schedule. Since Defendant cannot dispute these facts, Plaintiffs are entitled to summary judgment on their unpaid overtime and spread of hours causes of action under federal and state law.

By contrast, Defendant's position, now articulated under oath, is effectively an admission. Brazenly, Defendant's managing member Orin Wilf testified that he believed that the Plaintiffs' were "salaried" employees and that he didn't know Plaintiffs' actual hours. Perhaps worse was (Defendant's building manager and Rule 30(b)(6) witness) Mr. Fischel's testimony that Plaintiff Moreno was one of only two doorman responsible for a 24 hour doorman building.

When asked what reasons Defendant had to doubt Plaintiffs' claims, Defendant's 30(b)(6) witness was unable to provide any competent, precise evidence to rebut Plaintiffs' claims.[1] Rather, the thrust of Defendant's position is that since Plaintiff Kalil also had part-time, side jobs as a porter at nearby buildings involving minimal work, then Mr. Kalil must have been "double-billing" (i.e., shirking his duties at the Building while working somewhere else). The problem for Defendant is simple: no evidence exists to contradict Plaintiff Kalil's account that this part-time work took up little time and never was performed during his long hours working for Defendant. Indeed, at present, there is no competent evidence to suggest that Plaintiff Khalil is being anything other than truthful in testifying that he only worked one job at a time.

### *Plaintiffs Are Additionally Entitled To Summary Judgment On Their Retaliation Claims*

The FLSA prohibits retaliatory action in response to an employee's complaints about an employer's violation of the labor laws. 29 U.S.C. § 215(a)(3). To establish a *prima facie* case for retaliation a Plaintiff must show "(1) participation in protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 472 (S.D.N.Y. 2008) (citing *Mullins v. City of N.Y.*, 554 F.Supp.2d 483 (S.D.N.Y.2008).

---

[1] Precise testimony is crucial in such instances. "The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Reich v. S. New England Telecommunications Corp.*, 121 F.3d 58, 69 (2d Cir. 1997) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)).

Here, on August 10, 2010, Plaintiffs' attorney sent a letter to Defendant outlining Plaintiffs' claims and requesting settlement discussions on the matter. In response, on August 25, 2010, Mark Fischel upon direction from Defendant's counsel Max Rothberg, the same individual who was dealing with Plaintiff's attorney's letter, wrote a letter **terminating** Kalil.

Indeed, at the deposition, both Mr. Fischel and Mr. Wilf testified that the decision to terminate Plaintiff Kalil was made on August 25, 2010- a mere 14 days after Plaintiffs' attorney sent the aforementioned letter. In fact, at no time did any one of Defendant's witness point to a single act of Plaintiff Kalil between August 10 and August 25th which would have prompted such a termination.

### *Defendant's Additional Discovery Requests*

Defendant can be expected to seek still further discovery from Plaintiffs and non-parties in an attempt to delay the inevitable entry of judgment. We respectfully suggest that if Defendant believes such discovery is necessary, then it should "show [] by affidavit that for specified reasons it cannot present facts **essential** to justify its opposition" to Plaintiffs' summary judgment motion. FED. R. CIV. P. 56(f) (emphasis added). Doing so will ensure that any additional discovery—assuming *arguendo* that this Court even agrees that such discovery is warranted—will be limited thus preventing Defendant from unduly prolonging this dispute.[2]

### *Conclusion*

For the stated reasons above, Plaintiffs respectfully request a pre-motion conference so that Plaintiffs may move for summary judgment on all claims. Further, Plaintiffs request that the Court adjourn the deadline to submit a joint pretrial order until the Court has decided Plaintiffs' summary judgment motion.

Respectfully,

Craig Stuart Lanza

*The motion will be discussed at the conference currently scheduled for January 25, 2012 at 10:30 a.m.*

cc: Lori Samel Schwarz, Esq. (by email)

280401/00069177

*[Signature of Richard J. Holwell]*
1/10/12

---

[2] We note that Plaintiff has already produced ten years of credit card, bank, and tax records, as well as various other documents. Meanwhile, Defendant has only produced to Plaintiff a mere twenty-seven pages of discovery.