



RECEIVED
JAN 26 2012
CHAMBERS OF
RICHARD J. HOLWELL

January 26, 2012



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/6/12

*Via Facsimile Only (212) 805-7948*

Hon. Richard J. Holwell
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re: *Jose Moreno and Mohammed Nazim Kalil. v. 194 East Second Street, LLC*
          Case No. 10 CV 7458 (RJH)

Honorable Sir:

    This firm is counsel to 194 East Second Street, LLC, the Defendant in the above action. Unfortunately, it has become necessary for us to write in furtherance of our January 19, 2012 letter to Your Honor in connection with the deposition of Nalini Kalil, the wife of plaintiff Mohammed Nazim Kalil. Plaintiffs' counsel has now informed us that they will not assist with, or consent to, the scheduling of Mrs. Kalil's deposition.[1] As we advised in our recent letter, this firm has made repeated efforts to schedule the deposition of Mrs. Kalil, who was discussed at some length during the depositions of both plaintiffs and who has critical information relating to the instant matter.

    Plaintiffs' counsel's refusal to cooperate in the scheduling of Mrs. Kalil's deposition is especially troubling given their client's obstructive conduct and counsel's stalling tactics. This firm attempted to serve Mrs. Kalil with a non-party subpoena at the beginning of this month. According to our process server, Mr. Kalil intercepted the attempted service of the subpoena, advising the server that he must first speak with his lawyer and providing the server with a telephone number to contact. Multiple calls to that number, both by the process server and the undersigned, were unsuccessful in soliciting a response from Mrs. Kalil. Service was ultimately effected upon Mrs. Kalil on January 5, 2012 via "nail and mail" service. Given the delay in effecting service, on January 9, 2012, we once again wrote to Mrs. Kalil asking that she contact our office to arrange a mutually convenient date and time for her deposition. A copy of that letter, and tracking information confirming its delivery the following morning, is attached. To date, we have had no response from Mrs. Kalil.

---

[1] Plaintiffs' counsel continues to express their consent to the continued deposition of Mr. Kalil but nonetheless refuses to schedule a date and time.

Since service was completed, plaintiffs' counsel has repeatedly advised that Mrs. Kalil would be coming in to meet with Mr. Lanza and that their office would be in touch with us regarding her deposition. We repeatedly followed up with counsel as to the status of scheduling, and each time we were advised that Mrs. Kalil failed to show up for her appointment and that the appointment had been rescheduled. On more than one occasion, plaintiffs' counsel advised us that there was a strong likelihood that Mr. Lanza would be representing Mrs. Kalil at her deposition, which would complicate – if not outright preclude – this firm from continuing our efforts to contact her directly. It now appears that this was a stalling technique to string us along until the passing of the January 20th discovery deadline, which plaintiffs now seek to hide behind in an effort to avoid having Mrs. Kalil appear for her deposition. We respectfully submit that this cannot be tolerated.

Given Mrs. Kalil's failure to respond to the subpoena, we request that the Court issue an Order directing Mrs. Kalil to appear for a deposition on a date certain or risk contempt pursuant to Rule 45(e) of the Federal Rules of Civil Procedure.

Thank you for your consideration.

Respectfully submitted,

Lori Samet Schwarz

Enclosure

cc: Craig Stuart Lanza, Esq. (*via email*)
Sean Quealy, Esq. (*via email*)

Defendant's request for an order directing Mrs. Kalil to appear for a deposition is DENIED.

SO ORDERED
RICHARD J. HOLWELL
UNITED STATES DISTRICT JUDGE
2/3/12