cslanza@gmail.com  
646-409-6529 (phone)  
718-596-7641 (fax)

# CRAIG STUART LANZA

ATTORNEY AT LAW  
26 Court Street, Suite 1200  
Brooklyn, New York 11242

---

Hon. Jesse M. Furman  
Daniel Patrick Moynihan United States Courthouse  
500 Pearl St.  
New York, NY 10007-1312

VIA ELECTRONIC MAIL

May 7, 2012

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/8/12
```

Re: Jose Moreno et al. v. 194 East Second Street, LLC 1:10-CV-7458 (JMF).

Your Honor:

  Pursuant to this Honorable Court's April 20, 2012 Order, Plaintiffs hereby submit the following answer to the Court's query. At the outset, Plaintiffs note that there are no pending motions or appeals.

**Name of Counsel and Current Contact Information:**

  Plaintiffs' counsel has changed his address recently and will be filing a formal change of address shortly. Plaintiffs' counsel's new contact information is below.

Craig Stuart Lanza  
26 Court Street, Suite 1200  
Brooklyn, New York 11242  
Phone: 646-409-6529  
Fax: 718-596-7641

**A Brief Statement of the Nature of the Case:**

  The above-captioned matter is a simple, so-called "wage and hour case." The most significant allegations in the complaint are that Defendant, the owner and manager of a large, residential doorman building required Plaintiffs, the superintendent and doorman of 194 East Second Street, New York, New York (the "Building") to work 13 hours a day, seven days per week for 10 years, while only paying Plaintiffs for 40 hours of work per week. See Docket Number #1, Plaintiffs' Complaint filed September 29, 2010.

Craig Stuart Lanza
26 Court Street, Suite 1200
Brooklyn, New York 11242

Under the Fair Labor Standards Act (the "FLSA"), employers must pay their employees one-and-a-half times their regular hourly wage for hours worked in excess of forty per week unless the employee is exempt from the Act's coverage. 29 U.S.C. § 207(a)(1). The FLSA exempts administrative employees, executive employees, professional employees, outside sales employees, highly skilled computer-related employees, and highly compensated employees. 29 C.F.R. § 541. Because the FLSA is a remedial statute, its exemptions are construed narrowly, and "the burden rests on the employer to prove that a particular employee is exempt from the Act's requirements." *Havey v. Homebound Mortgage, Inc.*, 547 F.3d 158, 163 (2d Cir.2008). Plaintiffs, a building superintendent and a doorman, clearly do not fit into any of these categories and are therefore afforded the protection of the FLSA.

The only real issues in controversy are whether or not Plaintiffs actually worked the hours in question and whether or not Plaintiff Mohamed Nazim Khalil ("Nazim") was terminated as a result of his filing this lawsuit, a violation of the FLSA.

Plaintiffs allegations are supported, *inter alia*, by:

- their own testimony;
- the testimony of a few tenants in the building and letters from other tenants in the building who observed Plaintiffs working such hours (See e.g., Docket #1, Exhibits attached to Plaintiffs' Complaint);
- a schedule Plaintiffs received from the erstwhile owners of the Building requiring Plaintiffs to work such hours coupled with the testimony of the present owner who testified that he did not change Plaintiffs hours when Defendant purchased the Building (See e.g., Deposition of Orin Wulf dated December 7, 2011, page 14, line 21-Page 15 line 9);
- Testimony that the termination of Nazim took place two weeks after Defendant received Plaintiffs' counsel's letter informing them of the pending lawsuit (Id. at page 7, lines 13-15); and
- the testimony of the building manager that the Building is a 24 hour doorman building and that for years, Defendant only had two doorman to manage it (See 30(b)(6) Deposition of Mark Fishel dated December 6, 2011 page 10, lines 12-14).

Defendant's position has been that, for 10 years, Defendant simply did not know the hours Plaintiffs, its employees, worked. Defendant has therefore, not produced any schedules of Plaintiff's hours.

It is Defendant's legal obligation to maintain time records of the hours that its employees worked. 29 U.S.C. § 211(c); 29 C.F.R. § 516. Where employers are unable to produce such records an employee may rely on its own recollection to establish the hours worked. *E.g., Liu v. Jen Chu Fashion Corp.*, 2004 WL 33412 at *3 (S.D.N.Y. Jan. 7, 2004) ("In a FLSA case, in the absence of rebuttal by defendants, plaintiffs' recollection

Craig Stuart Lanza
26 Court Street, Suite 1200
Brooklyn, New York 11242

and estimates of hours worked are presumed to be correct."). The burden then shifts to the employer who "must [] proffer evidence sufficient to rebut that recollection." *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 255 (S.D.N.Y. 2008).

After months of discovery, Plaintiffs are unaware of any credible evidence which would rebut the aforementioned evidentiary support for their position.

**A Statement of all existing due dates and deadlines:**

The discovery period in this matter ended on January 20, 2012, there are no other deadlines that Plaintiffs are aware of, other than those imposed by the Federal Rules of Civil Procedure, and the Local Rules of the Southern District of New York.

**A Statement of any previous existing Conference Dates with the Court which have not occurred:**

Plaintiffs requested and were granted a pre-motion conference for Plaintiffs' proposed summary judgment motion but, Hon. Howell's retirement prevented the conference from taking place.

**A Detailed Statement of all discovery taken to date, including how many depositions each party has taken and what, if any discovery remains that is essential to the parties to engage in meaningful settlement negotiations:**

Despite having produced a handful of immaterial documents and admitting to keeping no records of Plaintiffs' hours, Defendant has requested onerous discovery which Plaintiffs have provided in order to avoid protracted discovery disputes. Defendant has requested and been provided: Plaintiffs' financial records, any information on any small additional other jobs Plaintiffs have had, information regarding the details of Plaintiffs' personal life, and information regarding tenants in the Building.

Defendant has conducted hours of depositions on Plaintiffs, requesting extensions beyond the one day limit imposed by the Federal Rules of Civil Procedure. Additionally, Defendant has conducted other depositions involving tenants at the Building and other part-time jobs Plaintiffs have worked.

Plaintiffs have deposed Mark Fisher who manages the Building (both as an individual and as a 30(b)(6) witness) and Orin Wulf, the principal of Defendant's LLC.

Since the discovery period is ended, Plaintiffs do not believe that Defendant is entitled to any more discovery and Plaintiffs do not believe that any additional discovery would be necessary to resolve this matter.

**A Statement regarding the status of any settlement discussions and whether the parties have any interest in referral to a US Magistrate Judge to discuss settlement:**

Plaintiff initially made an offer to resolve the matter but, it resulted in the termination of Plaintiff Khalil. That said, Plaintiffs continue to be reasonable and have an outstanding offer to resolve the matter but, have not heard any response from Defendant. Plaintiffs remain open to any approach to resolve this controversy in a manner reasonably commensurate with the value of this case.

**An estimate of the length of trial:**

Plaintiffs expect a trial to take approximately 3 days.

**Other information which may assist the Court:**

As noted below, Defendant has engaged in a pattern of delay. While the discovery period has ended, Plaintiffs anticipate that Your Honor's introduction to this matter may cause Defendant to request additional discovery or, at least, a reconsideration of Hon. Howell's decisions on the discovery issue.

In order to better inform the Court, Plaintiffs outline below some of the previous delays which have taken place during the pendency of this controversy. Plaintiffs' note that many of the extensions discussed below were granted to Defendant by Plaintiffs as a courtesy. Plaintiffs are not objecting to any particular extension *per se*. Rather, Plaintiffs include this information here to point out that Defendant has taken many steps to prolong this simple dispute.

Initially, Defendant requested a six week extension to put in a modest, four page answer. See Docket # 6, Stipulation and Order. Defendant then made additional requests to get the preliminary conference adjourned twice until March 18, 2011. See Docket #9, Endorsed Letter.

On March 18, 2011, Hon. Howell set September 30, 2011 as the date by which all discovery needed to be completed. However, by September 19, 2011, Plaintiffs' counsel had written a letter to the Court addressing, *inter alia*, the fact that Defendant had not moved forward on any depositions. See Docket #12, Endorsed Letter. The Defendant then managed to get an extension until December 7, 2011. See Docket #13, Order.

Craig Stuart Lanza
26 Court Street, Suite 1200
Brooklyn, New York 11242

      Yet, by January of 2012, Defendant was requesting an additional extension until late January to request even more depositions. Hon. Howell gave Defendant until January 20, 2012 with no further extensions. See Docket # 15, Endorsed Letter.

      Then, in January, right before the close of discovery, Defendant sent out several subpoenas to third parties. The names of some of those individuals Defendant had known for some time. For example, one of the third-parties was Plaintiff Nazim's wife whose name was disclosed in Plaintiffs' 26(f). There was simply no reasonable explanation as to why Defendant had waited until the twilight of discovery to do so, absent reference to Defendant's pattern of delay. Defendant then requested Hon. Howell to order Nazim's wife to appear which was summarily denied by Hon. Howell. See Docket # 16, Endorsed Letter.

      This was the last activity in the matter save for Defendant's recent letter request to reargue Hon. Howell's order regarding Nazim's wife which was addressed by letter after Hon. Howell had left the bench.

      Plaintiffs' counsel remains available for any questions the Court might have and looks forward to hearing from the Court.

Respectfully,

Craig Stuart Lanza

cc: Lori Samet Schwarz, Esq.

*The parties shall appear for a conference with the Court on May 24, 2012 at 3:30 p.m.*

*SO ORDERED.*

*May 8, 2012*
*New York, NY*