UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

JOSE MORENO and MOHAMED NAZIM KALIL,

                            Plaintiffs,

-v-

194 EAST SECOND STREET LLC,

                          Defendant.

------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/4/13

10 Civ. 7458 (JMF)

MEMORANDUM
OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

       Plaintiffs Jose Moreno and Mohamed Nazim Kalil[1] seek summary judgment on their claims, under the Fair Labor Standards Act ("FLSA"), 29 United States Code, Section 201 *et seq.* and the New York Labor Law ("NYLL"), Article 19, Section 650 *et seq.*, that their employer, Defendant 194 East Second Street, LLC, failed to pay them overtime wages and retaliated against Kalil for his participation in this lawsuit.[2]  Summary judgment is appropriate where the admissible evidence and the pleadings demonstrate  "no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam).  An issue of fact qualifies as genuine if the "evidence is such that a reasonable jury could return a judgment for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Roe v.*

------------------------------------------------------------

[1]     Although many of the filings in connection with the pending motion spell Plaintiff's name "Khalil," it is spelled "Kalil" in the Complaint.

[2]     Although the Complaint includes a "spread of hours" claim under the NYLL, Plaintiffs mention the claim only in a single footnote in their Memorandum of Law and do not appear to move for summary judgment on it.  (Pls.' Mem. Law 5 n.3).  In any event, to the extent Plaintiffs do move for summary judgment on the claim, that motion is denied for substantially the same reasons as those discussed below.

*City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008).  In ruling on a motion for summary judgment, all evidence must be viewed "in the light most favorable to the non-moving party," *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

Applying these standards here, there is no basis for summary judgment as there are material disputes of fact relating to each of Plaintiffs' claims.  With respect to their claims that Defendant failed to pay them overtime, there are at least two material disputes of fact that preclude summary judgment.  First, there is a dispute over how many hours Plaintiffs actually worked per week.  Citing their own deposition testimony, a handful of letters from tenants (which are only arguably admissible), and the testimony of two tenants, Plaintiffs contend that they worked ninety-one hours per week from July 2001 through August 25, 2010, but were paid for only forty hours per week.  (Pls.' Mem. Law 3, 6 & n.4).  There is evidence in the record, however, that tends to "negate the reasonableness of the inference[s] to be drawn" from Plaintiffs' evidence, *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)) — most prominently, evidence that Plaintiffs worked at other buildings during the time they claim to have been working at 194 East Second Street.  (Daniels Dep. 11:1-12:25, 15-16:8, 20:18-40:16; Kalil Dep. 264:6-66:8; Orlando Dep. 22:13-23:25).  Plaintiffs question the credibility of Defendant's evidence and vice versa; that dispute is a quintessential issue for a jury to decide.

Second, there is a dispute over whether the parties had an unwritten agreement that overtime hours would be paid out as part of their salary.  *See, e.g., Giles v. City of N.Y.*, 41 F.

Supp. 2d 308, 317 (S.D.N.Y. 1999) ("There is a rebuttable presumption that a weekly salary covers 40 hours; the employer can rebut the presumption by showing an employer-employee agreement that the salary cover[s] a different number of hours."); *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372, 385 (E.D.N.Y. 2012) (noting that some courts in this Circuit "have determined that in situations where there is no written employment agreement or other written instrument memorializing the parties' intentions, the court infers the terms of the parties' agreement from 'the entire course of their conduct, based on the testimonial and documentary evidence in the record'" (quoting *Moon v. Kwon*, 248 F. Supp. 2d 201, 206 (S.D.N.Y. 2002)). On the one hand, Moreno testified that he was an hourly worker. (Moreno Dep. 69:2-3). On the other hand, there is evidence — including other testimony by Moreno — that Plaintiffs were salaried employees before Defendant bought the building and that the parties continued that arrangement after the change in ownership. (Wilf Dep. 14:21-15:9; Moreno Dep. 69:25-70:23, 158:8-19). These disputes preclude the grant of summary judgment to Plaintiffs on their claim that Defendant violated the FLSA and the NYLL by failing to pay them overtime. Because there is no basis to find as a matter of law that Defendant violated the FLSA, it follows that there is no basis to grant summary judgment on Plaintiffs' claim that Defendant violated the FLSA "willfully." *See also Berrios*, 849 F. Supp. 2d at 391 ("Courts within this Circuit have left the question of willfulness to the trier of fact.").

In addition, there is a material dispute of fact precluding summary judgment on Kalil's retaliation claim. The evidence is certainly sufficient to support a prima facie case of retaliation insofar as Kalil was terminated little more than two weeks after engaging in protected activity — namely, sending a letter, through counsel, to Defendant claiming violations of the FLSA and the NYLL. *See, e.g., Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012) (describing the

3

elements of a prima facie retaliation claim). Defendant, however, has proffered a legitimate non-retaliatory reason for Kalil's termination: namely, that he was fired as a result of disciplinary problems, including several near-altercations with Defendant's representatives and a failure to comply with instructions to remove a television from the lobby. (*See* Wilf Dep. 7:13-12:25, Fishel Aff. ¶ 7 & Ex. C). It is for a jury to decide whether these "legitimate, non-discriminatory reasons proffered by the defendant were false, and that more likely than not [retaliation] was the real reason for the employment action." *Mullins v. City of N.Y.*, 626 F.3d 47, 53-54 (quoting *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000)); *see, e.g.*, *Zhengfang Liang v Vineet Kapoor*, 09-CV-1306 (JFB) (ETB), 2012 WL 5988766, at *20 (E.D.N.Y. Nov. 29, 2012) (denying summary judgment where there was a disputed issue of fact as to whether defendants' proffered reasons for terminating the plaintiff were a pretext for retaliation); *Schanfield v. Sojitz Corp. of Am.*, 663 F. Supp. 2d 305, 344 (S.D.N.Y. 2009) (finding that a dispute as to the issue of pretext was sufficient to raise a triable issue of fact for the jury on a retaliation claim).

Finally, citing Defendant's alleged failure to post a notice explaining the FLSA, Plaintiffs contend that the applicable statute of limitations for their compensation claims should be "equitably tolled," thereby allowing them to recover for the full ten years of their employment. (Pls.' Mem. Law 8 & n.5 (quoting 29 C.F.R. § 516.4)). Equitable tolling "'applies only in the rare and exceptional' case." *Lanzetta v. Florio's Enters.*, 763 F. Supp. 2d 615, 622 (S.D.N.Y. 2011) (quoting *Bertin v. United States*, 478 F.3d 489, 494 n.3 (2d Cir. 2007)). "The relevant question" where a claim of equitable tolling is made "is 'whether a reasonable plaintiff in the circumstances would have been aware of the existence of a cause of action,' and 'despite all due diligence he [wa]s unable to obtain vital information bearing on the existence of his claim.'" *Id.* (quoting *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 323 (2d Cir. 2004), and *Valdez*

*ex rel. Donely v. United States*, 518 F.3d 173, 182 (2d Cir. 2008)). Thus, the failure to provide an employee with the notice required by the FLSA, as alleged here, "may be a sufficient basis for tolling, . . . but only if that failure contributed to the employee's unawareness of his rights." *Id.* at 622-23 (quoting citations and internal quotation marks omitted).

In this case, the record is inadequate to determine whether Defendant's alleged failure to post the required notice "contributed" to Plaintiffs' unawareness of their rights. For example, as Defendant argues, Plaintiffs may well have learned about their rights under the labor laws through one of the other jobs that they held during the relevant periods. (Def.'s Opp'n Mem. 20-21). As Defendant shows, there is also evidence in the record that suggests both Plaintiffs were aware that they were entitled to overtime compensation before 2010. (Kalil Dep. 65:9-25, 93:17-97:23; Moreno Dep. 49:19-50:2, 51:12-52:13, 53:6-25). Where there are disputed issues of fact relating to the availability of equitable tolling, and those disputes are "separable from the merits of the underlying claims," the proper course is for the Court to hold an evidentiary hearing to resolve the issue. *Wen Liu v. Mount Sinai Sch. of Med.*, No. 09 Civ. 9663 (RJS), 2012 WL 4561003, at *7 & n.5 (S.D.N.Y. Sept. 24, 2012) (citing cases). Accordingly, although the Court is skeptical that Plaintiffs will be able to show that the extraordinary measure of equitable tolling is warranted here, it will nonetheless hold an evidentiary hearing to decide the question.

For the foregoing reasons, Plaintiffs' summary judgment motion is DENIED. In addition, it is hereby ORDERED that the Court will conduct a hearing on **January 18, 2013**, at **10:00 a.m.**, in **Courtroom 6A** of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, to determine whether Plaintiffs are entitled to have the limitations period equitably tolled. No later than Friday, **January 11, 2013**, the parties shall each submit a letter to the Court, in accordance with the Court's Individual Rules

5

and Practices, indicating what witnesses, if any, that party intends to call at the hearing, as well

as a list of any exhibits that party intends to offer.

By separate order, the Court will set a deadline for submission of the parties' joint pretrial

order and other filings.  The Clerk of Court is directed to terminate Docket No. 29.


SO ORDERED.

Dated: January 4, 2013
     New York, New York

JESSE M. FURMAN
United States District Judge